✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
V.
KENNETH RANDALL OWLE
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 2:09 cr 27

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

(1) There is probable cause to believe that the defendant has committed an offense

    for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____  _____
*Date*                    *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09 cr 27

**UNITED STATES OF AMERICA,**

Vs.                                                    **ADDENDUM TO**
                                                           **DETENTION ORDER**

**KENNETH RANDALL OWLE.**

_____

**I.**    **FACTORS CONSIDERED**

    **18 U.S.C. § 3142:**

    **(g) Factors to be considered.**--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

    **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)** the history and characteristics of the person, including--

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.  FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve the defendant being charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Both of these offenses are considered to be crimes of violence in the Western District of North Carolina.

**(g)(2):** The weight of the evidence against the person appears to be at the level of probable cause.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties in the Cherokee, NC community. The defendant reports that he was employed with the United States Forest Service for approximately 24 years, but has been disabled since 2005. The defendant receives Social Security disability payments. The defendant reports he suffers from severe migraine headaches and post traumatic stress disorder, panic disorder, anxiety, and depression. The defendant's criminal history shows the the following convictions:

| Offense | Conviction Date |
|---|---|
| Driving while impaired | 11/18/82 |
| Driving while impaired | 12/04/85 |
| Felony assault with weapon inflicting serious injury | 07/08/88 |
| Driving while impaired | 09/06/90 |
| Driving while impaired | 11/26/90 |
| Driving while impaired, SC | 12/14/99 |
| Misdemeanor assault on female | 05/13/99 |
| Driving while impaired, SC | 06/12/03 |
| Driving while impaired | 11/29/07 |
| Driving while license revoked, Tribal Court | Unknown |

The defendant's record concerning appearance at court appearances shows that the defendant failed to appear in regard to a charge of driving while impaired in Swain County, NC in the year 1990 and in addition, the defendant is wanted in Moncks Corner, SC on a warrant regarding a charge of driving while impaired. The warrant is still outstanding.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant has seven convictions for driving while impaired. He has nine misdemeanor convictions which would include the seven convictions of driving while impaired. He has one felony conviction regarding a crime of violence. The criminal record of the defendant shows by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community.

The evidence does show that the release of the defendant would create a risk of flight on his part.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: December 1, 2009

Dennis L. Howell
United States Magistrate Judge