# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09CR27

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| KENNETH OWLE. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Motion to Allow Rule 12.2(a) Notice of Intent to Assert Defense of Insanity Out of Time (#43). Such motion was filed on August 17, 2010, in which defendant stated:

> Since the undersigned has not spoken to Don Gast, the motion will be supplemented following such conversation to inform the Court of the government's position.

Id., at p. 2. Since the time of filing such motion, more than 10 days have passed and the court has received neither an objection from the government or the promised supplement by the defendant. Rule 12.2, Federal Rules of Criminal Procedure, provides as follows:

> **(a) Notice of an Insanity Defense.**
> A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk. A defendant who fails to do so cannot rely on an insanity defense. The court may, for good cause, allow the defendant to file the notice late, grant additional trial-preparation time, or make other appropriate orders.

Fed.R.Crim.P. 12.2(a). For cause, defendant appears to contend that his January 4,

2010, Motion to Determine the Competency of Defendant to stand trial should be considered a timely filed notice of insanity defense, arguing as follows:

> In support of this motion it is respectfully shown unto the Court that the undersigned filed a motion to determine the competency of the defendant on January 4, 2010. (Doc. No. 15). That motion sought a determination of his mental competency at the time of the alleged offense and a determination of his mental capacity to assist in the preparation of his defense. The undersigned would suggest that this would, *de facto*, act as a notice of such intent.

Motion, at p. 1. Review of the underlying Motion to Determine the Competency of Defendant reveals the following statement:

> In addition to determining the defendant's mental competency at the time of the alleged offense the undersigned seeks a determination of the mental capacity of the defendant to assist in the preparation of his defense.

"Motion to Determine Competency of Defendant' (#15), at 1. For purposes of clarity, while this sentence suggests that defendant had earlier in the motion requested an examination concerning sanity at the time of the alleged offense, neither the caption of the motion nor the text that precedes such sentence raises the issue of competence or sanity at the time of the offense or cites Section 4242, which deals with determination of the existence of sanity at the time of the alleged offense.

In any event, the interests of justice require reopening such period, and the court will allow defendant until September 10, 2010, by which to serve the government with the required notice and file a copy of such notice with the Clerk of this court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Allow Rule 12.2(a) Notice of Intent to Assert Defense of Insanity Out of Time (#43) is **GRANTED**, and defendant is allowed up to and inclusive of September 10, 2010, within which to serve and file his Notice of an Insanity Defense.

```
                                    Signed: September 1, 2010
```

Dennis L. Howell
United States Magistrate Judge