# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:09cr27

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| KENNETH RANDALL OWLE. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for *De Novo* Review of Rulings by the United States Magistrate Judge by the District Court [Doc. 44].

## PROCEDURAL HISTORY

The Defendant is charged in a two count bill of indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g). [Doc. 1]. On January 4, 2010, the Defendant moved for a psychological evaluation, a motion which was granted on January 14, 2010. [Doc. 15; Doc. 19]. On March 23, 2010, the Court received a request from the medical facility for an extension of time within which to complete the evaluation. [Doc. 22]. On that same date, the request was granted. [Id.; Doc.

23]. On June 29, 2010, the report of a psychiatric evaluation was filed. [Doc. 30]. The Defendant's competency hearing was scheduled on three occasions and continued each time at his request. [Doc. 33; Doc. 36; Doc. 39].

In the interim, defense counsel moved for the provision to him of the entire file maintained by the Federal Medical Center in Lexington, Kentucky, including "records reviewed by the evaluators, all notes and memoranda, the actual tests and questionnaires (as opposed to being limited to the results of such tests), any document signed by the defendant, copies of all correspondence generated in connection with the evaluation including but not limited to correspondence to various medical providers seeking information." [Doc. 35, at 1]. After receiving the psychiatric report, defense counsel filed an *ex parte* motion for an expert witness to conduct a second evaluation.[1] [Doc. 38].

On August 17, 2010, the Magistrate Judge conducted a hearing during which he considered the above motions. He denied the motion seeking the file from the medical center at which the psychiatric evaluation was performed because he found it was not supported by facts or law. [Doc. 46, at 1-5]. He also denied the motion for a second evaluation because it was not adequately

---

[1] In the pending motion, defense counsel has revealed the contents of the *ex parte* motion and the Court therefore does not find that this order should be sealed.

2

supported, noting, among other reasons, that the Defendant had not filed a notice of intent to assert an insanity defense. [Id., at 6-10]. The Magistrate Judge then proceeded to conduct the competency hearing over the Defendant's objection. He found the Defendant competent to stand trial. [Id., at 12-14].

Immediately after the hearing, the Defendant filed a notice of his intention to assert an insanity defense and a request for an extension of time within which to do so. [Doc. 42; Doc. 43]. In the notice, counsel clearly states his intent to pursue an insanity defense if allowed time within which to do so.

On September 1, 2010, the Magistrate Judge granted the Defendant's Motion to Allow Rule 12.2(a) Notice of Intent to Assert Defense of Insanity Out of Time. [Doc. 47]. The Defendant therefore may file such notice on or before September 10, 2010. [Id.].

## DISCUSSION

The Defendant has moved for *de novo* review of the Magistrate Judge's rulings. Federal Rule of Criminal Procedure 59(a) provides that when a party objects to a magistrate's rulings, the district court "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed.R.Crim.P. 59(a).

The Court finds that the filing of the notice of intent to assert insanity

3

defense will cure the inadequacies which concerned the Magistrate Judge. If such defense is asserted, the Court finds that the Defendant is entitled to an examination by an expert witness appointed for him. See, 18 U.S.C. §4247(b) ("[I]f the court finds it appropriate, [it may order an examination] by more than one such examiner."); Fed.R.Crim.P. 12.2(c). At such time as the Defendant files notice, counsel must supplement his motion with a statement of the total number of hours required for the evaluation. In the event that the Defendant does not file notice of intent to assert an insanity defense, counsel may renew the motion for an independent evaluation but is notified that he must supplement the motion with proof that the Defendant receives social security disability benefits based on mental illness. He may also supplement with medical records and any other relevant, competent evidence.

The Court does not find that the Magistrate Judge erroneously failed to continue the competency hearing. At such time as any independent evaluation by the defense expert is concluded, counsel may move to re-open the competency hearing, if appropriate. He therefore has not been prejudiced in any manner.

Although counsel has asked for review of the Magistrate Judge's denial of the motion for the file from the medical facility, he has not stated in what manner the denial was legally or factually erroneous. The Magistrate Judge

4

clearly and thoroughly explained why such records are not necessary to the defense and counsel has provided nothing in this motion which refutes his rulings. As a result, the motion will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** the Defendant's Motion for *De Novo* Review of Rulings by the United States Magistrate Judge by the District Court [Doc. 44] is hereby **GRANTED** to the extent that review has occurred but the relief sought by the Defendant is hereby **DENIED**.

Signed: September 3, 2010

Martin Reidinger
United States District Judge