**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION**

**CRIMINAL CASE NO. 2:09cr27**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| **KENNETH RANDALL OWLE.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Continue [Doc. 55].

On September 9, 2010, the Defendant filed a notice of insanity defense. [Doc. 50]. On September 13, 2010, he filed an *ex parte* motion for the appointment of a psychological expert.[1] [Doc. 53]. On September 20, 2010, the Defendant filed a plea agreement. [Doc. 54]. At the Rule 11 hearing held on September 23, 2010, the Magistrate Judge inquired of defense counsel whether the notice of insanity defense and request for a mental health expert had been rendered moot by the plea agreement. The Magistrate Judge also asked if the Defendant would withdraw the notice of insanity defense.

---

[1] Although that motion was filed *ex parte*, defense counsel has revealed in the public record the purpose thereof.

Defense counsel stated that the notice and motion were not moot and that he would not withdraw the notice of insanity defense. As a result, the Magistrate Judge could not conduct the Rule 11 hearing. He did, however, grant the Defendant's motion for a mental health expert. The Magistrate Judge also instructed defense counsel to communicate directly with the federal medical center at which the Defendant was previously examined in order to obtain his records. He advised that in the event that facility would not cooperate in providing the Defendant's medical records, defense counsel should renew his motion with the Magistrate Judge. That ruling has rendered moot the Defendant's motion to reconsider. [Doc. 51].

Because the Defendant seeks additional time within which to have an independent evaluation, forcing him to trial without such an evaluation could result in a miscarriage of justice. 18 U.S.C. §3161(h)(7)(B)(i). The results of the evaluation may well impact the formulation of a defense for the Defendant. Thus, the Court finds that a failure to continue the case would be likely to result in a miscarriage of justice. 18 U.S.C. §3161(h)(7)(B)(i). For the same reasons, a failure to continue the case could deprive both the Government and the Defendant of the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(7)(B)(iv).

For the reasons stated herein, the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. §3161(h)(7)(A).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reconsideration [Doc. 51] is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Continue [Doc. 55] is hereby **GRANTED** and this action is continued from the September 2010 term of Court.

Signed: September 24, 2010

Martin Reidinger
United States District Judge